IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **MITEK INC.,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-00960 |
| | ) | |
| **MIKE MCINTOSH,** | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF MITEK INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER

COMES NOW Plaintiff, MiTek Inc. ("MiTek"), by and through counsel, and for its Motion for a Temporary Restraining Order, states as follows:

1.      MiTek concurrently filed a Verified Complaint against Defendant Mike McIntosh ("McIntosh") on August 1, 2023.

2.      MiTek's Verified Complaint establishes a likelihood of success on its claim alleging McIntosh breached his COVENANT BY EMPLOYEE agreement ("Covenant"). MiTek's Verified Complaint further establishes a likelihood of success on its claim alleging McIntosh improperly interfered with MiTek's valid business expectancies by soliciting MiTek's customers and has disclosed or will inevitably disclose confidential and proprietary information in violation of the Defend Trade Secrets Act and the Missouri Uniform Trade Secrets Act.

3.      As set forth in MiTek's Verified Complaint, MiTek seeks temporary, preliminary, and permanent injunctive relief to enforce promises made by its former employee, McIntosh; prohibit McIntosh from soliciting its customers and unfairly competing with MiTek; and to prevent McIntosh from misappropriating its confidential and trade secret information.

1

4.      Pursuant to Fed. R. Civ. P. 65 a temporary restraining order may issue where the "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." *Id.*

5.      A temporary restraining order must issue under these circumstances, to prevent further irreparable damage caused by McIntosh's breach of contract and McIntosh's actual and threatened misappropriation of MiTek's confidential and trade secret information.

6.      The following four factors are properly considered when determining whether a temporary restraining order should issue: (1) the probability that the movant will succeed on the merits; (2) the threat of irreparable harm to the movant; (3) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties; and (4) the public interest. *H&R Block Tax Servs. LLC v. Frias*, No. 4:18-00053-CV-RK, at *2 (W.D. Mo. Jan. 26, 2018).

7.      As set forth in MiTek's Verified Complaint, and Memorandum of Law in Support of this Motion, both of which are incorporated fully by reference herein, MiTek is entitled to a temporary restraining order to prevent further irreparable harm and the misappropriation of its confidential and trade secret information based on these factors.

8.      For the reasons set forth herein, and in MiTek's Memorandum in Support of this Motion, MiTek requests this Court enter the Temporary Restraining Order and Order to Show Cause attached hereto as Exhibit A.

WHEREFORE, MiTek requests this Court grant its Motion for a temporary restraining order, and enter the Temporary Restraining Order and Order to Show Cause attached hereto as Exhibit A, thereby:

(A)     Temporarily enjoining McIntosh from violating the non-compete terms set forth in Paragraph 8 of the Covenant, including providing sales services to Eagle Metal Products in the North Carolina, South Carolina, Georgia, Virginia, and West Virginia. United States for a period of not less than one (1) year;

(B)     Temporarily enjoining McIntosh from engaging in or participating in any activity which is similar to those McIntosh performed during the 12 months preceding his separation of employment from MiTek, or which is likely to result in McIntosh's use or disclosure of MiTek's Confidential Information on behalf of any person or entity which competes, directly or indirectly, with any MiTek product or service in which McIntosh engaged, participated, or had Confidential Information or Trade Secrets about during the 12-month period preceding McIntosh's termination of employment;

(C)     Enjoining McIntosh from soliciting or accepting any business from any person or entity with whom McIntosh had substantial contact by reason of McIntosh's employment with MiTek, and which conducted business with MiTek;

(D)     Enjoining McIntosh from providing, disclosing, disseminating or using any confidential, proprietary and/or trade secret information of MiTek;

(E)     Requiring McIntosh to provide an accounting of all communications, solicitations, or other activities since his employment with MiTek ended, to/from MiTek's Customers within seven (7) days;

(F)     Requiring McIntosh not to destroy any and all property of MiTek in his possession, custody or control, including without limitation all of MiTek's Trade Secrets or Confidential Information in his possession, custody or control;

(G)     Requiring McIntosh to list and return to MiTek all of MiTek's Confidential

        Information retained by him and also identify others to whom he has provided

        MiTek's Confidential Information, either directly or indirectly, within seven (7)

        days;

(H)     Requiring McIntosh to preserve and not destroy, damage or alter in any way, all

        potentially relevant evidence in this action, including but not limited to, any MiTek

        material residing in McIntosh's personal computer(s), electronic device(s),

        residence(s), and email account(s), as well as any MiTek material in Eagle Metal

        Product's possession, custody or control;

(I)     Awarding attorneys' fees, as provided in Section 11 of the Covenant;

(J)     Scheduling this matter for a Preliminary Injunction hearing; and

(K)     Granting such other and further relief as the Court deems just and proper.

                                    Respectfully submitted,


                                    /s/ Joseph M. Wientge, Jr.
                                    Joseph M. Wientge, Jr. #57494MO
                                    jwientge@littler.com
                                    Morgan L. Taylor #67750MO
                                    mltaylor@littler.com
                                    LITTLER MENDELSON, P.C.
                                    600 Washington Avenue
                                    Suite 900
                                    St. Louis, MO  63101
                                    Telephone: 314.659.2000
                                    Facsimile: 314.558.3966

                                    *Attorneys for MiTek Inc.*

## <u>CERTIFICATE OF SERVICE</u>

   I hereby certify that on the 1st day of August, 2023, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and served the foregoing document via special process server as follows:

Mike McIntosh
813 S. Bend Dr.
Durham, NC 27713

   *Defendant*


          */s/ Joseph M. Wientge, Jr.*


4861-6906-6867.2 / 106323-1014