IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| **MITEK INC.,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 23-cv-00960 |
| ) | |
| **MIKE MCINTOSH,** ) | |
| ) | |
| Defendant. ) | |

### [PROPOSED] ORDER ON PLAINTIFF MITEK INC.'S MOTION FOR TEMPORARY RESTRAINING ORDER

THIS MATTER COMING TO BE HEARD on the Plaintiff MiTek Inc.'s ("MiTek" or "Plaintiff") Motion for Temporary Restraining Order ("TRO"), the Court having reviewed Plaintiff's Motion and Memorandum in Support, Verified Complaint, and supporting materials, and the Court being otherwise fully advised in the premises:

The Court finds Plaintiff has met the requirements for entry of a temporary restraining order under Fed. R. Civ. P. 65, including that Plaintiff has a likelihood of success on its claims of breach of contract, tortious interference with business expectancy, and misappropriation of trade secrets under the Defend Trade Secrets Act ("DTSA"), 18 U.S.C. § 1836 *et seq.,* and the Missouri Uniform Trade Secrets Act ("MUTSA"), Mo. Rev. Stat. § 417.450 *et seq.,* against Defendant Mike McIntosh ("McIntosh").  The Court finds Plaintiff has a protectable interest in its Trade Secrets and Confidential Information. Further, the Court concludes Plaintiff will continue to suffer irreparable injury and lacks an adequate remedy at law, and finds this restraining order is otherwise necessary and proper to preserve the issues raised in the Verified Complaint.  In addition, the Court finds the benefits of granting Plaintiff's injunctive relief to protect its trade secrets and confidential information and ordering McIntosh to comply with the obligations set forth in his Covenant by

**EXHIBIT A**

Employee agreement ("Covenant"), including the prohibitions on working for a company in the same or similar role, soliciting MiTek's customers, disclosing confidential information, or misappropriating trade secrets outweighs any harm to McIntosh from the issuance of the below Order, and is in the public interest.  Accordingly,

IT IS HEREBY ORDERED THAT:

A. McIntosh, and anyone acting in concert with him, is temporarily enjoined from violating, or participating in the violation of, any of the terms of the Covenant, including Sections 7 and 8 of the Covenant;

B. In particular, McIntosh is temporarily enjoined from violating his non-competition restrictions for a period of not less than one (1) year, as set forth in Section 8 of the Covenant;

C. McIntosh is expressly and temporarily enjoined from engaging in or participating in any activity which is similar to those McIntosh performed during the 12 months preceding his separation of employment from MiTek, or which is likely to result in McIntosh's use or disclosure of MiTek's Confidential Information on behalf of any person or entity which competes, directly or indirectly, with any MiTek product or service in which McIntosh engaged, participated, or had Confidential Information or Trade Secrets about during the 12 month period preceding McIntosh's termination of employment;

D. For the avoidance of doubt, McIntosh also is expressly temporarily enjoined from working in his present Regional Eastern Manager position at Eagle Metal Products, or otherwise performing any work or providing any sales services to Eagle Metal Products in any capacity that involves servicing North Carolina, South Carolina, Georgia, Virginia, and West Virginia;

E.	McIntosh is further enjoined from soliciting or accepting any business from any person or entity with whom McIntosh had substantial contact by reason of McIntosh's employment with MiTek, and which conducted business with MiTek;

F.	McIntosh is enjoined from providing, disclosing, disseminating or using any confidential, proprietary, and/or trade secret information of MiTek;

G.	Requiring McIntosh to provide an accounting of all communications, solicitations, or other activities since his employment with MiTek ended to/from MiTek's Customers within seven (7) days;

H.	Requiring McIntosh not to destroy any and all property of MiTek or any other potentially relevant evidence in his possession, custody or control, including without limitation all of MiTek's Trade Secrets or Confidential Information in his possession, custody or control;

I.	Requiring McIntosh to list and return to MiTek all of MiTek's Confidential Information retained by him and also identify others to whom he has provided MiTek's Confidential Information, either directly or indirectly, within seven (7) days;

J.	Requiring McIntosh, within three days of service of this Order, to produce to MiTek for inspection, imaging, and forensic analysis, all computers and other electronic devices belonging to or under the control of, accessible to, or operated by McIntosh on which any Mitek information of any kind resides or may have resided.

K.	Plaintiff need not post a bond as security for this Order;

L.	Plaintiff is awarded attorney fees and costs as provided for under 11 of the Covenant.

M.	This Temporary Restraining Order shall remain in full force and effect pending further instructions from the Court.

ENTERED:_____     By:_____
                                                                             , District Judge

4876-3007-9092.2 / 106323-1014