UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MITEK INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:23-CV-960 RLW |
| MIKE MCINTOSH, | ) ) ) |
| Defendant. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant McIntosh's Motion to Dissolve Temporary Restraining Order ("TRO"). (ECF No. 24). Earlier today, the Court conducted a hearing on the motion at which time the parties presented argument and evidence concerning the dissolution and extension of the TRO. For the reasons below, the Court will deny McIntosh's Motion to Dissolve TRO and will extend the TRO so the parties may adequately prepare for a hearing on MiTek's Motion for Preliminary Injunction.

**Background**

MiTek is a construction technology company based in Chesterfield, Missouri. (ECF No. 1 at ¶¶ 7, 8). It hired McIntosh in 1998. *Id*. at ¶ 14. At all relevant times, McIntosh was a District or Regional Sales Manager for the company. *Id*. McIntosh managed MiTek's Southeast region, which covered North Carolina, South Carolina, Georgia, Virginia, and West Virginia. *Id*. at ¶ 15.

According to MiTek, the company underwent an internal corporate restructuring starting in June 2020. *Id*. at ¶ 14. MiTek asserts that, as a result, McIntosh received a substantial pay increase in exchange for his willingness to sign an agreement containing non-competition, non-solicitation, and non-disclosure provisions (the "Covenant"). *Id.* at ¶ 31.

McIntosh left the company on our around May 1, 2023. (ECF No. 1 at ¶ 45; ECF No. 25 at 1). The parties dispute the nature of the separation. MiTek argues that McIntosh resigned after refusing to accept MiTek's performance improvement plan. (ECF No. 1 at ¶ 45). McIntosh, however, argues that MiTek terminated his employment without cause. (ECF No. 25 at 1).

McIntosh now works for Eagle Metal Products. (ECF No. 1 at ¶ 2). MiTek asserts that Eagle Metal is a direct competitor and that McIntosh has solicited MiTek's customers on behalf of his new employer. (ECF No. 1 at ¶¶ 1-56). McIntosh does not deny that he works for Eagle Metal but asserts that he has not violated the Covenant in any way. (ECF No. 25).

Despite several attempts—as outlined in the Court's Order dated August 25, 2023—MiTek was unable to serve McIntosh with the Summons, Complaint, Motion for TRO, and Notice of Hearing in this matter. (ECF No. 11). Accordingly, the Court held an ex parte hearing on MiTek's Motion for TRO on Friday, August 11, 2023. (ECF No. 15). The Court granted the motion on the following Monday. (ECF No. 20). McIntosh has since entered the case and now moves to dissolve the TRO. (ECF No. 24).

**Legal Standard**

The Court must consider four factors when deciding whether to issue a TRO: (1) whether there is a substantial probability that MiTek will succeed at trial; (2) whether MiTek will suffer irreparable injury without the TRO; (3) the harm to McIntosh if the TRO is granted; and (4) the effect of the TRO on the public interest. *Dataphase Sys., Inc. v. C L Sys., Inc.*, 640 F.2d 109, 112 (8th Cir. 1981). When considering whether to dissolve, modify, or extend a TRO, the issue is whether the grounds for originally granting the TRO continue to exist. 11A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure*, § 2953 (3d ed. 2023). The Court may dissolve the TRO if the restrained party demonstrates that circumstances have changed such that a TRO is

no longer necessary or that the restrained party would be severely injured by continued injunctive relief. 13 James Wm. Moore et al., *Moore's Federal Practice*, § 65.40 (3d ed. 2023). Conversely, the Court should not dissolve a TRO if it believes the TRO is necessary to preserve the status quo and prevent irreparable harm. *See id*.

Under Rule 65(b)(2) of the Federal Rules of Civil Procedure, the Court may, for good cause shown, extend a TRO for no more than 14 days from the date of its expiration. Fed. R. Civ. P. 65(b)(2). While Rule 65 does not define "good cause," courts have found that an extension is warranted where additional time is necessary to prepare for a preliminary injunction hearing. *See, e.g., Flying Cross Check, L.L.C. v. Cent. Hockey League, Inc.*, 153 F. Supp. 2d 1253, 1261 (D. Kan. 2001); *Cuin v. Prudential Life Ins. Co.*, No. CIVA 08-CV-02614-PAB-KLM, 2008 WL 5273089, at *1 (D. Colo. Dec. 10, 2008).

**Discussion**

Defendant's motion to dissolve the TRO primarily relies on four assertions: (1) The Covenant does not apply because MiTek terminated McIntosh's employment without cause; (2) The Covenant is unenforceable because it does not define "Company" and MiTek never counter-signed the agreement; (3) McIntosh has not disseminated trade secrets or other confidential information; and (4) MiTek cannot enforce the Covenant against McIntosh because MiTek was the first to violate the Covenant's terms.

It is unclear at this juncture whether McIntosh resigned or whether MiTek terminated his employment. What is clear, however, is that so long as the Covenant is not otherwise invalid or unenforceable, the non-solicitation and non-disclosure provisions apply regardless of the nature of the parties' separation.

3

The Covenant states: "IT IS MUTUALLY UNDERSTOOD AND AGREED THAT THE RESTRICTIONS UNDER SECTION 8(a) SHALL NOT APPLY IN THE EVENT THE EMPLOYMENT OF EMPLOYEE IS TERMINATED BY THE COMPANY FOR REASONS OTHER THAN FOR 'CAUSE.'" (ECF No. 1-1 at 2,3). But the very next sentence, which McIntosh fails to acknowledge, explicitly states that the solicitation restrictions in Sections 8(b) and 8(c) apply regardless of the nature of the separation. *Id.* That is to say nothing of the non-disclosure provision, which is found in an entirely separate section. Thus, even if the Court found that MiTek terminated McIntosh without cause, that alone would not free McIntosh of his obligations under the non-solicitation and non-disclosure provisions of the Covenant.

McIntosh's other assertions—that the Covenant is unenforceable, that he has not disseminated confidential information, and that MiTek was the first to violate the Covenant—lack sufficient legal and factual support. For example, McIntosh does not cite a single case for the proposition that a contract is automatically void if not counter-signed. MiTek, on the other hand, has presented sufficient evidence to suggest that a TRO is still necessary to maintain the status quo and prevent irreparable harm.

**Conclusion**

Based on the evidence presented thus far, the Court finds that the grounds for originally granting the TRO continue to exist. That is, the relief therein is still necessary to maintain the status quo and prevent irreparable harm. Thus, the Court will deny McIntosh's Motion to Dissolve.

The Court also finds that the parties require additional time to prepare for a preliminary injunction hearing. The parties have not yet exchanged briefs or engaged in discovery. To that end, the Court will extend the TRO for an additional fourteen (14) days.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant McIntosh's Motion to Dissolve Temporary Restraining Order is **DENIED**. (ECF No. 24).

**IT IS FURTHER ORDERED** that, for good cause shown, the Temporary Restraining Order (ECF No. 20), is extended for fourteen (14) days pursuant to Rule 65(b)(2) of the Federal Rules of Civil Procedure. The Temporary Restraining Order will expire on **September 11, 2023**, at **4:00 p.m.**

**IT IS FURTHER ORDERED** that the hearing on Plaintiff MiTek's Motion for Preliminary Injunction is set for **Friday**, **September 8, 2023**, at **10:30 a.m.** in Courtroom 10-S of the Thomas F. Eagleton United States Courthouse.

**IT IS FURTHER ORDERED** that counsel shall, no later than **September 5, 2023**, at **4:30 p.m.**, file the following with the Clerk of the Court and submit a paper courtesy copy directly to chambers:

1. Stipulation: Meet, prepare, and file a joint stipulation of all uncontested facts.

2. Witnesses:

   a. File a list of all proposed witnesses, identifying those witnesses who will be called to testify and those who may be called to testify, with a short synopsis of the subject matter of each witness's testimony.

   b. Except for good cause shown, no party will be permitted to call any witness not listed in compliance with this Order.

3. Exhibits:

   a. Mark for identification all exhibits to be offered in evidence at the hearing (Plaintiff to use Arabic numerals and Defendant to use letters, e.g., Pltf-1, Deft-A, or Deft Smith-A), and file a list of such exhibits, identifying those that will be introduced into evidence and those that may be introduced.

   b. Submit said exhibits or true copies thereof to opposing counsel for examination. Prior to the hearing, the parties shall stipulate which exhibits may be introduced

5

       without objection or preliminary identification and shall file written objections to all other exhibits.

    c. Except for good cause shown, no party will be permitted to offer any exhibits not identified or not submitted by said party for examination by opposing counsel in compliance with this Order. Any objections not made in writing by **4:30 p.m.** on **September 6, 2023**, may be considered waived.

4. <u>Depositions, Interrogatory Answers, and Requests for Admissions</u>:

    a. File a list of all interrogatory answers or parts thereof and depositions or parts thereof (identified by page and line numbers), and answers to requests for admissions proposed to be offered in evidence. No later than **4:30 p.m.** on **September 6, 2023**, opposing counsel shall state in writing any objections to such testimony and shall identify any additional portions of such depositions not listed by the offering party which opposing counsel proposes to offer.

    b. Except for good cause shown, no party will be permitted to offer any interrogatory answer, or deposition or part thereof, or answer to a request for admissions not listed in compliance with this Order. Any objections not made as above required may be considered waived.

5. <u>Motions in Limine</u>: File all motions in limine to exclude evidence by **4:30 p.m.** on **September 6, 2023**. The Court *will not consider* any motion in limine unless it contains a statement that the movant's counsel has conferred *in person or by telephone* with opposing counsel in a good faith effort to resolve the dispute presented by the motion. Opposition to a motion in limine must be filed by **4:30 p.m.** on **September 7, 2023**.

**IT IS FURTHER ORDERED** that on or before **September 7, 2023**, Plaintiff MiTek Inc. and Defendant Mike McIntosh shall file proposed findings of fact and conclusions of law for the Court's consideration of Plaintiff's Motion for Preliminary Injunction against Defendant. The proposed findings of fact and conclusions of law shall include a discussion of relevant supporting case law. In support of each proposed finding of fact, the parties must cite to specific evidence in the record, which may include deposition transcripts, declarations attached to memoranda in support or in opposition to Plaintiff's Motion for Preliminary Injunction, the parties' Joint Stipulation of Uncontested Facts, interrogatory answers, or deposition exhibits. Citations to transcripts shall include page and line numbers. Citations to exhibits shall include Bates numbers.

**Failure to comply with any part of this Order may result in the imposition of sanctions pursuant to E.D. Mo. Local Rule 12.02 and the Federal Rules of Civil Procedure referenced herein.**

_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this 28th day of August, 2023.